IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

EARL KEVIN MOORE, AI1353,          )
                                   )
            Petitioner,            )          No. C 15-1907 CRB (PR)
                                   )
      vs.                          )          ORDER TO SHOW CAUSE
                                   )
ERIC ARNOLD, Acting Warden,        )          (Dkt. #2 & 3)
                                   )
            Respondent.            )
_____)

     Petitioner, a state prisoner incarcerated at California State Prison, Solano, has filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging a conviction from Alameda County Superior Court.  He also seeks appointment of counsel under 18 U.S.C. § 3006A(a)(2)(B) and leave to proceed in forma pauperis under 28 U.S.C. § 1915.

## BACKGROUND

     Petitioner was found guilty by a jury of two counts of forcible oral copulation in concert (Cal. Penal Code § 288a(d)(1)), penetration with a foreign object (id. § 289(a)(1)(A)), and attempted rape by a foreign object in concert (id. § 264.1(a)).  The court also found true allegations that petitioner had suffered two prior convictions for voluntary manslaughter.  On July 28, 2011, petitioner was sentenced to 70 years to life in state prison, which the trial court later reduced to 60 years to life.

On November 6, 2013, the California Court of Appeal reversed the conviction and sentence for attempted rape by a foreign object in concert, struck one of the five-year enhancements imposed for one of the prior voluntary manslaughter convictions and otherwise affirmed the judgment of the trial court. The court also denied petitioner's claims of ineffective assistance of counsel at trial raised in an accompanying petitioner for a writ of habeas corpus.

On January 15, 2014, the Supreme Court of California denied review of a petition allegedly raising the same claims raised here.

## DISCUSSION

A.   Standard of Review

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).

It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto."  Id. § 2243.

B.   Claims

Petitioner seeks federal habeas corpus relief by raising several claims of ineffective assistance of counsel at trial.  Among other things, petitioner claims that defense counsel failed to investigate and prepare adequately for petitioner's testimony about his prior convictions, and failed to object to questions that the prosecutor asked petitioner about the prior convictions.  Liberally construed, the claims appear cognizable under § 2254 and merit an answer from respondent. See Zichko v. Idaho, 247 F.3d 1015, 1020 (9th Cir. 2001) (federal courts must construe pro se petitions for writs of habeas corpus liberally).

2

C.      Motion for Appointment of Counsel

Petitioner's motion for appointment of counsel (dkt. #3) is DENIED

without prejudice.  See Knaubert v. Goldsmith, 791 F.2d 722, 728 (9th Cir. 1986)

(unless an evidentiary hearing is required, the decision to appoint counsel in

habeas corpus proceedings is within the discretion of the district court).

Petitioner adequately presented his claims for relief in the petition.  Accord

Bashor v. Risley, 730 F.2d 1228, 1234 (9th Cir. 1984) (although petitioner had no

background in law, denial of appointment of counsel within discretion of district

court where petitioner clearly presented issues in petition and accompanying

memorandum).  The court will appoint counsel on its own motion if an

evidentiary hearing is later required.  See Knaubert, 791 F.2d at 728

(appointment of counsel mandatory if evidentiary hearing is required).

## CONCLUSION

For the foregoing reasons and for good cause shown,

1.      Petitioner's request to proceed in forma pauperis (dkt. #2) is

GRANTED.

2.      The clerk shall serve a copy of this order and the petition and all

attachments thereto on respondent and respondent's attorney, the Attorney

General of the State of California.  The clerk also shall serve a copy of this order

on petitioner.

3.      Respondent shall file with the court and serve on petitioner, within

60 days of the issuance of this order, an answer conforming in all respects to Rule

5 of the Rules Governing Section 2254 Cases, showing cause why a writ of

habeas corpus should not be granted.  Respondent shall file with the answer and

serve on petitioner a copy of all portions of the state trial record that have been

transcribed previously and that are relevant to a determination of the issues

3

presented by the petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on respondent within 30 days of his receipt of the answer.

4.     Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to  Rule 4 of the Rules Governing Section 2254 Cases.  If respondent files such a motion, petitioner must serve and file an opposition or statement of non-opposition not more than 28 days after the motion is served and filed, and respondent must serve and file a reply to an opposition not more than 14 days after the opposition is served and filed.

5.     Petitioner is reminded that all communications with the court must be served on respondent by mailing a true copy of the document to respondent's counsel.  Petitioner must also keep the court and all parties informed of any change of address.

SO ORDERED.

DATED: June 5, 2015

_____
CHARLES R. BREYER
United States District Judge